IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUXHOME (HK) TRADING LIMITED,

    Plaintiff,

v.

WEILIVE WEIUSE TRADING LLC
d/b/a GARVEE ESSENTIALS a/k/a GARVEE,

    Defendant.

Civil Action No. 26-cv-2373

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LUXHOME (HK) TRADING LIMITED ("LUXHOME" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Weilive Weiuse Trading LLC d/b/a Garvee Essentials a/k/a Garvee ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., for infringement by Defendant of United States Design Patent No. D1,090,128 (the "'128 Patent" or the "Patent-in-Suit").

2. Plaintiff designs and sells modern fluted dressers embodying the patented design. Defendant has infringed and continues to infringe the '128 Patent by making, using, offering for sale, selling, and/or importing into the United States dresser products that embody a design substantially the same as the design claimed in the '128 Patent, including by selling such products directly to consumers through Defendant's Amazon.com storefront operating under the name "Garvee Essentials" and, on information and belief, by selling and supplying such products to Amazon.com for resale to consumers throughout the United States.

1

**PARTIES**

3.   Plaintiff LUXHOME (HK) TRADING LIMITED is a limited company organized and existing under the laws of Hong Kong, with its registered office at Flat/RM 1508, 15/F, Office Tower Two, Grand Plaza, 625 Nathan Road, Mong Kok, Hong Kong.

4.   On information and belief, Defendant Weilive Weiuse Trading LLC is a limited liability company organized and existing under the laws of the State of New Mexico, with a registered address at 1209 Mountain Road Pl NE, Ste R, Albuquerque, New Mexico 87110.

5.   On information and belief, Defendant is the registered seller of record for the Amazon.com storefront operating under the seller name "Garvee Essentials" (the "Garvee Essentials Storefront"), through which Defendant offers for sale and sells "Garvee"-branded home furnishing products to consumers throughout the United States, including consumers in this District. The public seller profile page for the Garvee Essentials Storefront identifies Defendant as the selling entity. A true and correct screenshot of the seller profile page for the Garvee Essentials Storefront is attached hereto as Exhibit 1.

**JURISDICTION AND VENUE**

6.   This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.   This Court has personal jurisdiction over Defendant because Defendant is organized and existing under the laws of the State of New Mexico and maintains its registered address in this District, and because Defendant has committed acts of patent infringement in this State and this District, has purposefully availed itself of the rights and benefits of the laws of New Mexico, and has engaged in systematic and continuous contacts with the State of New Mexico, including by

2

offering for sale and selling infringing products to consumers in New Mexico through the Amazon.com marketplace.

8. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is organized and existing under the laws of the State of New Mexico and therefore resides in this District.

## THE PATENT-IN-SUIT

9. On August 26, 2025, the United States Patent and Trademark Office duly and legally issued the '128 Patent, entitled "Dresser," to inventor Liubing Xiang, from U.S. Design Patent Application No. 29/968,768, filed on October 18, 2024. A true and correct copy of the '128 Patent is attached hereto as Exhibit 2.

10. LUXHOME is the owner by assignment of all right, title, and interest in and to the '128 Patent, including the exclusive right to sue for and recover damages for all past, present, and future infringement thereof. LUXHOME was the named applicant on the application that issued as the '128 Patent.

11. The '128 Patent claims "[t]he ornamental design for a dresser, as shown and described" in the figures of the '128 Patent. As shown in the figures, the patented design is directed to, among other things, a dresser having a distinctive fluted (vertically ribbed) front surface. Figure 1 of the '128 Patent is reproduced below:



FIG.1

12. Plaintiff practices the patented design in the United States through its authorized dealer. With Plaintiff's authorization, Plaintiff's authorized dealer has continuously offered for sale and sold in the United States, through the Amazon.com marketplace, dressers embodying the patented design under the MAISONARIA brand, including under ASIN B0G1MDS2ZF. A true and correct screenshot of the authorized dealer's Amazon.com product listing is attached hereto as Exhibit 3.

13. Plaintiff has complied with the marking provisions of 35 U.S.C. § 287 to the extent applicable.

### DEFENDANT'S ACTS OF INFRINGEMENT

14. Without authorization or license from Plaintiff, Defendant has made, used, offered for sale, sold, and/or imported into the United States, and continues to offer for sale, sell, and/or import into the United States, dresser products marketed under the "Garvee" brand that embody a design that is substantially the same as the design claimed in the '128 Patent (the "Accused Products").

15. Defendant offers for sale and sells the Accused Products directly to consumers throughout the United States through the Garvee Essentials Storefront, including under ASIN

4

B0GYYKSX6F. True and correct screenshot of Defendant's Amazon.com product listing for ASIN B0GYYKSX6F, which identifies the seller as "Garvee Essentials," are attached hereto as Exhibit 4.

16. On information and belief, Defendant has also sold and supplied, and continues to sell and supply, Accused Products to Amazon.com and/or its affiliates for resale to consumers throughout the United States. Accused Products supplied by Defendant are offered for sale and sold on the Amazon.com marketplace as "Ships from" and "Sold by" Amazon.com under at least the following ASINs: B0GYYMQTN3, B0GYX9GTGT, B0GYXBJ9N5, B0GYXQKW4G, B0GYXQP7VG, B0GYXXGG2K, B0GYXXRV8B, B0GYYK7ZH5, B0GYYKBNNQ, B0GYYL99PQ, B0GYYLDZHV, B0GYYLLRYM, B0GYYN4FL2, B0GYYS1Z5W, B0GYYSKMZX, B0GYYZGDGF, B0GYZ23F3V, B0GYZ9GLN1, B0H5BD3RR1, B0H5TLP2ZP. Each of Defendant's sales of Accused Products to Amazon.com constitutes a sale, and each related offer constitutes an offer for sale, within the United States under 35 U.S.C. § 271(a). True and correct screenshots of the foregoing Amazon.com product listings are attached hereto as Exhibit 5.

17. On information and belief, Defendant has additionally made, offered for sale, sold, and/or supplied Accused Products under at least the following ASINs, the listings for which have since been removed from the Amazon.com marketplace: B0GYXBXZM6, B0GYYRG6JN, B0H5BDVN8Y. Defendant remains liable for damages arising from all past sales of Accused Products under these and any other listings.

18. The design of the Accused Products is substantially the same as the design claimed in the '128 Patent. The Accused Products offered under each of the ASINs identified herein are substantially similar to one another and embody the same overall infringing design. Accordingly,

5

the following side-by-side comparisons of two exemplary ASINs are illustrative and representative of all of the Accused Products:

| '128 Patent, FIG. 1 | Accused Product — ASIN B0GYYKSX6F (sold by Garvee Essentials) |
|---|---|
|  |  |

| '128 Patent, FIG. 1 | Accused Product — ASIN B0GYYMQTN3 (sold by Amazon.com) |
|---|---|
|  |  |

19. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Accused Products is substantially the same as the design claimed in the '128 Patent, and the resemblance is such as to deceive an ordinary observer, inducing him or her to purchase an Accused Product supposing it to be a product embodying the patented design.

6

20. On information and belief, Defendant had knowledge of Plaintiff's patented design and copied it. Dressers embodying the patented design have been prominently offered for sale and sold on the Amazon.com marketplace by Plaintiff's authorized dealer well before Defendant began offering the Accused Products. The Accused Products are strikingly similar to the design claimed in the '128 Patent, and, on information and belief, Defendant was aware of the patented design before it began offering the Accused Products for sale. In addition, Defendant has had actual knowledge of the '128 Patent and of its infringement thereof since no later than the service of this Complaint. Any continued making, offering for sale, selling, and/or importing of the Accused Products by Defendant after such notice is and will be willful, wanton, and deliberate infringement.

## COUNT I

**(Infringement of U.S. Design Patent No. D1,090,128 - 35 U.S.C. § 271)**

21. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

22. Defendant has directly infringed and continues to directly infringe the '128 Patent under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused Products, including without limitation the products offered and sold under the ASINs identified above, without authority or license from Plaintiff.

23. Defendant's infringement has damaged and continues to damage Plaintiff, including through lost sales, lost profits, price erosion, diminished sales through Plaintiff's authorized Amazon.com sales channel, and harm to Plaintiff's goodwill and market position. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty, and/or Defendant's total profit from its sales of the Accused Products pursuant to 35 U.S.C. § 289.

24. Defendant's infringement has caused and, unless enjoined by this Court, will continue to cause irreparable harm to Plaintiff for which there is no adequate remedy at law. Plaintiff is entitled to a permanent injunction pursuant to 35 U.S.C. § 283.

25. Defendant's infringement is and has been willful and deliberate, entitling Plaintiff to enhanced damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284, and rendering this an exceptional case entitling Plaintiff to its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A.      A judgment that Defendant has infringed the '128 Patent in violation of 35 U.S.C. § 271;

B.      A permanent injunction enjoining Defendant, its officers, directors, members, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them (including, upon notice, any online marketplace or e-commerce platform), from making, using, offering for sale, selling, or importing into the United States the Accused Products or any other product embodying a design not colorably different from the design claimed in the '128 Patent, including through the Garvee Essentials Storefront or any other Amazon.com seller account owned, operated, or controlled by Defendant;

C.      An order requiring the removal and delisting of all Amazon.com product listings for the Accused Products, including the ASINs identified herein;

D.      An award of damages adequate to compensate Plaintiff for Defendant's infringement pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty, or, at

Plaintiff's election, an award of Defendant's total profit pursuant to 35 U.S.C. § 289, whichever is greater;

E.    An award of enhanced damages up to three times the amount found or assessed, pursuant to 35 U.S.C. § 284, by reason of Defendant's willful infringement;

F.    A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Plaintiff of its reasonable attorneys' fees;

G.    An award of Plaintiff's costs and expenses, together with pre-judgment and post-judgment interest as permitted by law; and

H.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: July 23, 2026

Respectfully submitted,

/s/ Mingbo Ye
Mingbo Ye TX Bar No. 24124835
Veritas Light Law Group, P.C.
4340 Von Karman Ave Suite 290
Newport Beach CA 92660
Telephone: +1(832)-462-0087
Email: mingboye@veritaslightlaw.com

*Attorneys for Plaintiff*
*LUXHOME (HK) TRADING LIMITED*